SEBRING, Justice.
Charles Ludwig, as executor under the last will and testament of Charles F. Ludwig, deceased, has appealed from an ■ adverse decree rendered in a suit brought by the appellee to require the specific performance of a. contract allegedly entered into between the appellee and the decedent during his lifetime.'
The complaint in the cause alleges, in substance, that during his lifetime, on April IS, 1949, the decedent, Charles F. Ludwig, deeded a' certain piece of real property to the appellee for $14,000. A down payment of $1,000 was made on the purchase price and the remainder was evidenced by a note for $13,000, payable at the rate of $100 per month and secured by a purchase money mortgage on the property. Contemporaneously with this transaction the decedent entered into an oral contract with the ap-pellee whereby the decedent agreed that in recognition and consideration of certain personal services theretofore rendered, and thereafter to be rendered by the appellee to the decedent in his lifetime, he would execute a codicil to his will and provide therein that if appellee still owned the property at the time of his death, all sums remaining unpaid on said note and mortgage would be thereupon cancelled, and the death of the testator would operate as a full and complete satisfaction of said mortgage.
The complaint also alleges that on the same date the agreement was made Charles F. Ludwig executed a codicil to his will reciting that he had that day conveyed the property to the appellee and had received the mortgage as part payment, and providing: “I hereby change my last will and testament, giving and devising to Anna Lansdowne all unpaid principal and interest that I may be entitled at time of my death, that may be due from Anna Lans-downe to me; that my death shall automatically operate as a full and complete satisfaction of aforesaid purchase money mortgage; and I do hereby direct that my Executor shall forthwith execute a satisfaction of said mortgage, provided however that Anna Lansdowne shall be the owner of the full title to the property described in *748 purchase money mortgage aforesaid, at time of my death.”
' The complaint further alleges that about one year after the execution and delivery of the warranty deed and the note and mortgage, the plaintiff found that the income from the property was not sufficient to meet the requirements of the note and mortgage and to provide for the insurance, taxes and costs of maintenance. The, plaintiff advised the defendant of this fact and that she wanted to convey back the property. Whereupon, the plaintiff and defendant entered into a written extension agreement whereby, in consideration of services theretofore rendered and thereafter to be rendered, and the payment of $300 cash by plaintiff, the defendant agreed to reduce the principal indebtedness due on the mortgage to $10,000 and the monthly payments to $75. Contemporaneously with the execution of this agreement the defendant orally agreed that the codicil providing for cancellation and satisfaction of the note and mortgage upon his death was still in force and effect and would remain in force and effect throughout his lifetime.
Thereafter the defendant died leaving a last will and testament which had been executed subsequent to the date of the aforementioned codicil but prior to the date of the extension agreement. This will contained no reference whatever to the plaintiff, or to the note and mortgage which she had executed.
, The prayer of the complaint is that the executor of the last will and testament be enjoined from instituting any action to foreclose the mortgage or collect on the note, and that the executor be required to perform the contract and agreement, providing for cancellation and satisfaction of the mortgage and note, that were made by-the decedent in his lifetime.
In due course the executor answered the complaint, admitting in his answer the sale of the property to the plaintiff and the execution of the codicil and extension agreement, but averring that the codicil was not any part of the consideration for the sale and purchase of the property but was merely an instrument voluntarily executed by him and later revoked by the execution of the last will arid testament.
The case went to trial before the court upon the complaint and answer, and evidence was submitted on the issues made by the pleadings. At the conclusion of the submission of evidence the trial judge, who heard the evidence, entered a decree in which he made the following material findings and adjudication:
, “I find that there was an agreement between Charles F. Ludwig, now deceased, and Anna L. Lansdowne, whereby the decedent would deed the real property in question to the plaintiff for-$1000.00 cash and a mortgage for $14,000.00 payable $100.00 monthly so long as the decedent lived, the unpaid remainder of the mortgage to be cancelled at Mr. Ludwig’s death and that but for the promise to cancel the mortgage at death, the transaction would not have been consummated.
“Pursuant to the agreement, the deed, mortgage and note, together with Mr. Ludwig’s Codicil cancelling the mortgage were executed. I find that, after the decedent had made a new will making no mention of the plaintiff or the mortgage, he induced the plaintiff to continue mortgage payments at $75.-00 monthly on the assurance that the codicil had not been revoked and a payment of $300.00. It would be a fraud on the plaintiff not to enforce the decedent’s agreement. * * *
“It is Ordered, Adjudged and Decreed that the defendant Executor execute a satisfaction of the mortgage * * * and deliver the same together with the note secured thereby marked paid, to the plaintiff within fifteen (15) days. * * * ”
 We find no error in this ruling. We have given due consideration to the cases cited by the appellant and are of the conclusion that they are not applicable to the case on the theory upon which'it was tried.
The sole issue presented by the pleadings •and proofs was as to the existence' of an *749 alleged agreement between plaintiff and decedent that the mortgage indebtedness would-be cancelled upon the death of the decedent. Though the evidence'offered on this issue was in conflict in some particulars, there was ample competent evidence to support the conclusion reached by the trial court. Annotation 69' A.L.R. 208.
The decree appealed from is affirmed.
. ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.-